IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYVANIA

| | | |
|---|---|---|
| ETHEL HAYDEN, | ) | CIVIL ACTION   2:21-cv-525 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ALLEGHENY HEALTH NETWORK, | ) | Case No. |
| ALLEGHENY VALLEY HOSPITAL, | ) | Filed Electronically via PACER ECF |
| | ) | |
| Defendants. | ) | |

## EMPLOYMENT DISCRIMINATION COMPLAINT

Ethel Hayden ("Plaintiff") brings this Complaint seeking legal and equitable relief for harm caused from employment discrimination and subjection to a hostile work environment by agents employed by the Defendants.

## PARTIES

Plaintiff, Ethel Hayden was an employee of the Allegheny Valley Hospital (AVH) at the time of discrimination. Plaintiff resides at 342 E. 10th Avenue, Tarentum, PA 15084.

Defendant, Allegheny Valley Hospital (AVH) is a general medical and surgical facility located at 1301 Carlisle St, Natrona Heights, Pennsylvania 15065.

Defendant, Allegheny Health Network (AHN), based in Pittsburgh, is a non-profit, 12-hospital academic medical system with facilities located in Western Pennsylvania and one hospital in Western New York including Allegheny Valley Hospital. AHN is the second-largest provider of health care in its region and one of the largest providers in Pennsylvania. Allegheny Health Network c/b/a/ Allegheny Valley Hospital is a non-profit company with a registered address of 1301 Carlisle Street, Natrona Heights, Pennsylvania 15065. Its principal place of business is located at 120 Fifth Avenue, Suite 2900, Pittsburgh, PA 15222.

Defendants acted through their agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

## JURISDICTION and VENUE

The Court has jurisdiction over this action under 28 U.S.C. § 1331. All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania. This is an action for the redress of grievances stemming from discrimination and harassment. This Complaint is brought against the Defendants for violating the following

statutes:

a. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et. seq.*, for employment discrimination on the basis of race, color, religion, gender, or national origin.

b. Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et. seq.*, for employment discrimination on the basis of age (age 40 or older).

c. American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq.*, for employment discrimination on the basis of disability.

d. Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et. seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance.

e. Lilly Ledbetter Fair Pay Act of 2009, 42 U.S.C. §§ 2000, *et. seq.*, an Act to amend Title VII of the Civil Rights of 1964 and the Age Discrimination in Employment Act of 1967, and to modify the operation of the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973, to clarify that a discriminatory compensation decision or other practice that is unlawfully under such Acts occurs each time compensation is paid pursuant to the discriminatory compensation decision or other practice, and for other purposes.

## **PROCEDURAL HISTORY**

On June 20, 2019, Plaintiff filed a charge of discrimination against the Allegheny Valley Hospital with the Pittsburgh Area Equal Employment Opportunity Commission [Exhibit A]. This Complaint was assigned charge number 533-2019-01057. Due to the continued discriminatory practices from the Defendant, a second charge of discrimination was filed on May 19, 2020 [Exhibit B]. This Complaint was assigned charge number 533-2020-01107. On July 8, 2020, the Commission issued the *Notice of Right to Sue* for charge 533-2019-01057 [Exhibit C] in response to a Freedom of Information Act (FOIA) request [Exhibit D].

Plaintiff experienced technical difficulties when attempting to file a civil action via the PACER electronic filing system (ECF) for charge number 533-2019-01057. On October 2, 2020, the Complaint was emailed to the PACER intake email address (intake2_pawd@pawd.uscourts.gov) [Exhibit E] annotated in the Western Pennsylvania District Court *Administrative Order* [Exhibit F] which provided guidance for submitting complaints during the "novel" presence of the coronavirus disease (COVID-19) in the District. The attorney representing the Defendants was copied on the email. No response was received from the PACER email account nor the attorney. Follow-up was attempted with the phone number provided in the *Administrative Order*, however, the number was non-operational.

At that time, charge 533-2020-01107 remained open. Requests for updates on the investigative

process and a copy of the Defendant's position statement were sent to the Commission on numerous occasions. On January 4, 2021, a new FOIA request was submitted [Exhibit G]. The Commission responded on January 19, 2021 with a *Dismissal and Notice of Right to Sue* letter [Exhibit H]. The Plaintiff requests for the Court to adjudicate the claims raised in charge 533-2019-01057 in conjunction with charge 533-2020-01107 due to the fact that a good faith effort was made to submit a timely civil action for the initial charge and events that transpired during that time frame were direct contributors to the constructive discharge claim. This civil action is being filed electronically via the PACER ECF within 90 days in accordance with the letter's instructions. On April 9, 2021, PACER and Western Pennsylvania District Court representatives assisted with the rectification of previously experienced technological issues.

## NATURE OF COMPLAINT

Ethel Hayden began her career at the Allegheny Valley Hospital (AVH) working in the sewing room. The Plaintiff was approached about transferring to the Registry department to serve as a Patient Access Coordinator in 1979. After giving the new position consideration, it was made clear that the transfer was being directed by management. She endured hostility and outright racism from her colleagues. Rather than being welcomed to the team, her coworkers made derogatory comments insinuating that she was only hired because she was Black. They alluded that she was offered the position to fill a Negro quota rather than her demonstrated ability to do her current job well.

During her employment, the Plaintiff was discriminated against based on race (Colored/Negro/Black/African-American), age (1935), disability (mental/physical), religion (Christian) and reprisal (opposing discriminatory practices and EEO activity). The Plaintiff submits the following claims to the Court:

### Claim 1: Constructive Discharge
The Plaintiff was forced to resign due to an escalating hostile work environment, unfair administrative processes, attacks on professional record, threats of termination and endangerment of health and safety from at least 2018 until the date of resignation on February 18, 2020.

### Claim 2: Hostile Work Environment
Plaintiff was subjected to a hostile work environment, including but not limited to, disparaging comments, public humiliation, inappropriate meeting decorum and repeated threats of termination from at least 2018 until the date of her resignation on February 18, 2020.

### Claim 3: Position Description and Performance Improvement Plans (PIP)
The Employer altered the Plaintiff's position description and issued two improper performance improvement plans (PIP).

### Claim 4: Disciplinary Actions
The Employer issued multiple unwarranted disciplinary actions.

### Claim 5: Reasonable Accommodation
The Employer denied and/or partially granted reasonable accommodation requests and failed to engage in the interactive process.

### Claim 6: Religious Accommodation

The Employer rescinded the Plaintiff's establish religious accommodation then subsequently delayed reinstatement of the accommodation.

The Employer failed to engage in a good faith effort to resolve the Complaints. The Employer maintained a hostile posture throughout the administrative processes, failed to fully engage in reconciliation efforts and hindered the progress of her Complaints in an attempt to exhaust the Plaintiff into withdrawing her Complaint. The Plaintiff is of advanced age but she plans to persist until she prevails. The District Court of Western Pennsylvania has the opportunity to act earnestly to adjudicate this Complaint to avoid an outcome of postmortem justice. The Plaintiff is preparing to submit a brief in support of her claims.

## PRAYER FOR RELIEF

The Defendants had the opportunity to mediate during the EEO processes but failed to even offer the minimum make whole relief even after the Commission issued a letter of determination ruling that the Plaintiff was discriminated against [Exhibit I]. The Commission issued a letter of determination concluding that the Plaintiff was a victim of religious discrimination. The Defendants declined to offer any relief for the discrimination and deliberately chose not to participate in the reconciliation process. They should be required to provide the maximum relief available to Plaintiff. Plaintiff demands judgment against Defendants and damages as follows:

A. Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for applicants and employees who need religious and reasonable accommodations.

B. Order the Defendant to engage in the process of make whole relief by awarding the Plaintiff with $300,000 in damages (compensatory, pecuniary and punitive) for its intentional discrimination with malice and reckless indifference and past and future losses resulting from the unlawful discriminatory employment practices described in this complaint.

C. Order the Defendant to expunge inaccurate information/documentation included in Plaintiff's personnel file.

D. Order the Defendant to permit Plaintiff the right to elect to be reinstated to her previous position and/or to be placed in good standing to have the opportunity to be able to volunteer at the Hospital.

E. Grant such further relief as the court deems necessary and proper in the public interest.

Under Federal Rule of Civil Procedure 11, I certify to the best of my knowledge, information and the belief of this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; (4) and the complaint otherwise complies with the requirements of Rule 11.

**The Plaintiff wants a trial by jury.**

Date: April 21, 2021 (Erratum)    Signature of Plaintiff  *Ethel Hayden*

Ethel Hayden
342 E 10th Ave
Tarentum, Pennsylvania 15084
Phone: 724-226-3302
Fax: 443-410-3150
FaithfulServant1935@gmail.com
**Filed Electronically via PACER/ECF on April 16, 2021**

## EXHIBITS

A. Charge of Discrimination No. 1

B. Charge of Discrimination No. 2

C. Notice of Right to Sue No. 1

D. FOIA Request No. 1

E. Email to PACER

F. Court Administrative Order

G. FOIA Request No. 2

H. Dismissal and Notice of Right to Sue

I. Letter of Determination